UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD R. LAFLAMME,<br>          Petitioner,<br>     v.<br>JEFF LYNCH,<br>          Respondent. | Case No. 22-cv-09105-RS (PR)<br><br>**ORDER OF DISMISSAL** |

A review of the petition for writ of habeas corpus shows that petitioner sets forth claims regarding the conditions of confinement. This means that his claims are not the proper subject of a habeas action, but must be brought as a civil rights action under 42 U.S.C. § 1983. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method for challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-892 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

In an appropriate case a habeas petition may be construed as a section 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although the Court may construe a habeas petition as a civil rights action, it is not required to do so. Since the time when the *Wilwording* case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars; for civil rights cases, however, the fee is now $400 ($350 if pauper status is granted) and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted *in forma pauperis* status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. § 1915(b).

A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $400 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

In view of these potential pitfalls for petitioner if the Court were to construe the petition as a civil rights complaint, the case is DISMISSED without prejudice to petitioner filing a civil rights action if he wishes to do so in light of the above. The Clerk shall enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** January 3, 2023

_____
RICHARD SEEBORG
Chief United States District Judge

ORDER OF DISMISSAL
Case No. 22-cv-09105-RS